# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| In re:<br>WILLIAM EISEN,<br>　　　　Debtor, | SACV 15-00460 TJH<br><br>Order |
| WILLIAM EISEN,<br>　　　　Appellant,<br>　v.<br>JEFFREY I. GOLDEN,<br>　　　　Appellee. | Bankruptcy No: 8:06-bk-10372-ES |

   The Court has considered Appellant's appeal of the Bankruptcy Court's Order allowing Administrative Claims, Professionals Fees and Expenses, Trustee Fees and Expenses as set forth in the Final Report of Bankruptcy Trustee Jeffrey I. Golden ("Order on Final Report").

Appellant designated the following issues on appeal: (1) Whether the Bankruptcy Court abused its discretion in overruling Eisen's objections by granting the Trustee's final application for payment of administrative claims without providing for payment of Eisen's secured creditor's claim; (2) Whether the Bankruptcy Court abused its discretion in declining to recognize Eisen's secured lien on funds obtained by the Trustee from the sale of property subject of a deed of trust in which Eisen acquired an interest after commencement of the bankruptcy case; (3) Whether the Bankruptcy Court abused its discretion in declining to recognize Eisen's secured lien without requiring an adversary proceeding to be filed against Eisen to invalidate his lien; and (4) Whether Eisen had been deprived of a valuable property right without being afforded due process of law.

However, the dispositive issue is whether the Bankruptcy Court abused its discretion by issuing the Order on Final Report even though the Trustee did not initiate an adversarial proceeding against Eisen to determine the validity of Eisen's purported lien interest on the trust deed on the real property located at 3514 Crest Drive, Manhattan Beach, California ("the Property"). Eisen purportedly received his lien interest from Danforth Properties, who, in turn, purportedly received its interest from Transamerica Home Loan Company ("Transamerica"). However, the Bankruptcy Court previously determined that because Transamerica was not licensed to conduct business in California on June 18, 1982, Transamerica's deed of trust on the Property was invalid and unenforceable. As such, Transamerica held no legal interest in the Property that could have been conveyed to Danforth Properties and, likewise, Danforth Properties held no legal interest in the Property that it could have conveyed to Eisen.

The Bankruptcy Court did not abuse its discretion in holding that Transamerica, Danforth Properties and Eisen did not have an enforceable deed of

trust or lien interest in the Property. *See In re Marciano*, 459 B.R. 27, 34 (9th Cir. BAP 2011). Further, the Bankruptcy Court applied the correct legal standard. *See In re Marciano*, 459 B.R. at 34. Moreover, the Bankruptcy Court's factual findings were not clearly erroneous. *See In re Marciano*, 459 B.R. at 34. The Bankruptcy Court's actions were not illogical, implausible, or without support in inferences that could be drawn from the record. *See In re Marciano*, 459 B.R. at 34.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the Bankruptcy Court be, and hereby is, 𝔄𝔣𝔣𝔦𝔯𝔪𝔢𝔡.

Date: August 26, 2015

_____
Terry J. Hatter, Jr.
Senior United States District Judge